[No. 6055. Decided September 8, 1906.]

HARL J. COOK *et al., Appellants,* v. ZERVIAH B. DANE, *Respondent.*[1]

SPECIFIC PERFORMANCE — BY VENDEE — FAILURE TO PERFORM — AD-VERSE CLAIMANT. A purchaser of real estate, the title to which was to be perfected by the foreclosure of a mortgage, who agreed to de-fend the adverse claims and to pay installments of the price and all taxes and assessments against the property, is not entitled to a specific performance where he failed to make such payments, but took the position of an adverse claimant and only tendered the in-stallments when long past due,.and the taxes (which had been re-deemed by the vendor) after the vendor had perfected the title and it had been determined that the adverse claim was invalid.

Appeal from a judgment of the superior court for Spo-kane county, Kennan, J., entered June 9, 1905, in favor of the defendant, after a trial on the merits before the court with-out a jury, in an action for specific performance. Affirmed.

*Happy & Hindman* and *Gallagher & Thayer,* for appel-lants.

*Ellis & Fletcher, James A. Williams,* and *Denton M. Crow,* for respondent.

FULLERTON, J.—On June 1st, 1898, the respondent, being then in possession of certain real property situated in the city of Spokane, entered into a written contract with the appellant, Harl J. Cook, by the terms of which she agreed to sell him the property on conditions specifically set forth in the writ-ing. The respondent at that time held possession under a sheriff's certificate of sale issued on a purported foreclosure of a mortgage, which she theretofore held upon the property. The foreclosure and sale were at that time known to be de-fective by both the respondent and Cook, and it was con-templated that further proceedings in court would be required in order to perfect the title. It was known, also, that the

1Reported in 86 Pac. 947.

right of redemption the owners of the fee had in the property would not be barred until one year after the time the mortgage was legally foreclosed. The contract of sale was made with reference to those conditions. By its terms Cook agreed to pay $4,500 for the property. This was to be paid in monthly installments of $25 each until the sum of $1,000 was paid, when a deed was to be executed and a mortgage given the respondent payable at a future date for the sum of $3,500. Cook agreed further to make permanent improvements on the land to the value of $500; to defend adverse litigation of title; to pay the insurance premiums necessary to keep the property insured; and to pay the taxes on the property for the year 1897 and all subsequent years.

Cook entered into possession after the execution of the agreement and proceeded at once to perfect title by further foreclosure proceedings. These proceedings were without results, the judgment obtained in the court below being reversed by this court on the ground that it was a nullity. In the meantime Cook had paid some $950 in monthly installments, and had expended some $750 in improvements on the property. After the adverse result of the foreclosure proceeding, Cook refused to proceed further under his contract with the appellant, but made an agreement with the adverse claimants by which he agreed to purchase the property of them, and in the meantime attorned to them for the rents. The respondent thereupon took upon herself the obligation of perfecting her title, and through her own counsel obtained another and valid foreclosure of her mortgage, under a judgment in which she became entitled to possession. In the meantime Cook had let the taxes become delinquent, and certificates of delinquency had been issued therefor, on which the holder threatened foreclosure. These the respondent was forced to redeem, paying therefor the sum of $738.92; and since that time she has been compelled to pay as taxes the further sum of $259.08 which Cook neglected and refused to pay. After the re-

spondent had finally perfected her title, Cook tendered the respondent the amount paid by her for taxes, and a sufficient sum to make the monthly payments equal $1,000, together with a mortgage to secure the unpaid portion of the purchase price, and demanded a deed to the property in accordance with the terms of the contract. He did not tender, however, the costs and expenses the respondent had been put to in perfecting the title. This tender was refused by the respondent, whereupon this action was brought to enforce a specific performance of the contract. The trial court refused to allow Cook to recover; holding that he had by his conduct forfeited all his rights under the contract.

The first part of the briefs of counsel are taken up with a discussion of the question whether or not Cook was obligated by the contract to assume the burden of the final foreclosure action, but we think that their position on this point may be conceded, and still Cook be not entitled to recover. It is plain he has not complied with those provisions of the contract over which there was no dispute. Even if he did not think himself bound to bear the burden of a foreclosure of the mortgage, he was bound to pay the monthly installments and the taxes as long, at least, as he was permitted to remain in possession. He cannot claim that the unsettled condition of the title excused him from making these payments, because he understood when he entered into the contract that the title was unsettled, and that further proceedings were necessary to perfect it. Indeed the contract was made with express reference to these conditions. It is doubtless true that he did not forfeit his rights with the respondent by the mere fact that he entered into a contract with the adverse claimants and attorned to them. He could, of course, lawfully make as many contracts of purchase as he felt were necessary to procure a valid title. But if he expected to rely on his contract with the respondent he was bound to perform the conditions of that contract in so far as its conditions were

not in dispute, and as to those in dispute he was bound to stand ready to perform whenever the dispute should be lawfully determined, if determined against his contention. This he did not do; but, on the contrary, took the position of an adverse claimant until it was settled by litigation that he could acquire no rights in the property except through the respondent, and he had been then too long in default to enable a court of equity to relieve him. The judgment is affirmed.

MOUNT, C. J., ROOT, HADLEY, RUDKIN, and DUNBAR, JJ., concur.

CROW, J., having been of counsel, took no part.